# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

WILLIAM SHANKLIN,

      Plaintiff,

v.                                     Civil Action No. 3:07cv319

KENNETH RANDALL SEALS, et al.,

      Defendants.

## MEMORANDUM OPINION

Before the Court is Plaintiff William Shanklin's Motion to Alter or Amend a Judgment ("Motion to Amend"). (Docket No. 78.) On April 19, 2010, Defendants responded. (Docket No. 80.) The matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 636(c). For the reasons that follow, the Court will DENY Shanklin's Motion to Amend.

## I. Background

Shanklin, a Virginia prisoner proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983.[1] Shanklin alleges Defendants Kenneth Randall Seals, Brian Snyder, Steven Hatfield, Traci Brylewski, Jason K. Price, Mark D. Beavers, and Michael Folsom (collectively,

---

[1] The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"Defendants"), all affiliated with the Hampton Police Department, mistreated him during an interrogation in which Defendants sought information about a missing person. Shanklin's Complaint asserted nine claims against Defendants. (*See* Mem. Op. 12-13 (construing claims).) (Docket No. 75.)

Defendants moved to dismiss the Complaint. (Docket No. 58.) By Memorandum Opinion and Order dated March 26, 2010, the Court granted in part and denied in part Defendants' Motion to Dismiss.[2] (Docket Nos. 75, 76.) The Court granted Defendants' motion as to Counts Three, Six, Seven, and Eight.[3] (Mem. Op. 21-22, 25-27.)

Shanklin now moves the Court to reconsider its decision as to these four counts pursuant to Rule 59(e)[4] of the Federal Rules of Civil Procedure. (Mot. to Amend 1.) With respect to Count Three, Shanklin again contends he was treated differently from a female interviewee in the Hampton Police Department because the female interviewee stood charged with the same crime as he, which Shanklin argues constitutes evidence sufficient to establish that they were situated similarly but treated differently. (Mot. to Amend 1-2.) As to Count Six, Shanklin argues that

---

[2] The Court's March 26, 2010 Memorandum Opinion contains an extensive discussion of the factual underpinnings of Shanklin's claims. (Mem. Op. 4-11.) Thus, the Court will not repeat that discussion here.

[3] Count Three alleged an Equal Protection Clause violation resulting from Defendants' treatment of Shanklin during their investigation. (Mem. Op. 21-22.) Count Six alleged Defendants Folsom and Brylewski had confiscated Shanklin's property for personal gain, resulting in a violation of the Due Process Clause of the Fourteenth Amendment. (Mem. Op. 25-26.) Shanklin labeled Count Seven "Totality of Each Combined Act" and re-asserted each of his previous claims. (Mem. Op. 27.) Finally, Count Eight alleged that Defendants had "'intentionally failed to right their wrongs.'" (Mem. Op. 27 (quoting Compl. ¶ 158).)

[4] Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Defendants Folsom and Brylewski confiscated his personal property for their own gain, and that pursuit of Count Six in the instant suit presents the "only redress plaintiff have [sic] to get the money and possesions [sic] back." (Mot. to Amend 2-4.) As to Count Seven, Shanklin attempts to clarify his assertions by alleging, *inter alia*, that he was held in the Hampton Police Department for nearly two days, he suffered tight arm and leg restraints, and he was denied proper sleeping materials. (Mot. to Amend 4-5.) Finally, as to Count Eight, Shanklin identifies the Fifth,[5] Eighth,[6] and Fourteenth[7] Amendments as the bases for this allegation. (Mot. to Amend 5.)

Defendants counter that Shanklin has failed to meet the Rule 59(e) standard to alter or amend a judgment. (*See* Defs.' Mem. in Opp'n to Pl.'s Mot. to Amend ("Opp'n"), at 1-6.) Defendants contend Shanklin has failed to identify any legal grounds for the Court to alter or amend its judgment and instead merely repeats the allegations in his Complaint, a showing insufficient for this Court to alter its March 26, 2010 judgment. (Opp'n 3-6.)

## II. Motion to Reconsider Standard

### A.    Rule 59(e)

"'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)

---

[5] "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[7] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

(*quoting* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (2nd ed. 1995)). Rule 59(e) itself provides no standard by which a district court may grant a motion to alter or amend a judgment, but "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Such motions may not be used, however, "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *Wadley v. Park at Landmark, LP*, No. 1:06cv777, 2007 WL 1071960, at *2 (E.D. Va. Mar. 30, 2007). Indeed, Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (stating that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order).

**B.     Rule 54(b)**

Rule 59(e), however, like its counterpart Rule 60(b),[8] which governs motions to alter or

amend a judgment filed beyond 28 days after entry of judgment, applies only to final judgments.

*Tully v. Tolley*, 63 F. App'x 108, 112 (4th Cir. 2003), *available at* 2003 WL 1901053, at *3;

*Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); *see*

Fed. R. Civ. P. 59(e), 60(b). Rule 54(b) governs orders entered prior to entry of final judgment.

*Netscape Commc'ns, Inc. v. ValueClick, Inc.*, No. 1:09cv225, 2010 WL 1303473, at *2 (E.D. Va.

Apr. 2, 2010).

> Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all
> the claims or the rights and liabilities of fewer than all the parties does not end the
> action as to any of the claims or parties and may be revised at any time before the
> entry of a judgment adjudicating all the claims and all the parties' rights and
> liabilities.

---

[8] Rule 60(b) states:
> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not
>> have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic),
>> misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released or discharged; it is based on
>> an earlier judgment that has been reversed or vacated; or applying it
>> prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 54(b). The Court retains its discretion to reconsider and modify such an interlocutory judgment at any time prior to entry of the final judgment. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Id.* at 514; *Netscape Commc'ns, Inc.*, 2010 WL 1303473, at *2. Nevertheless, in order to avoid an unending motions practice, the Court exercises its discretion to consider such motions sparingly. *See Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). The courts of this District agree that a motion for reconsideration generally should be limited to those instances in which:

> the Court has patently misunderstood a party, or has made a decision outside the
> adversarial issues presented to the Court by the parties, or has made an error not of
> reasoning but of apprehension . . . [or] a controlling or significant change in the
> law or facts since the submission of the issue to the Court [has occurred]. Such
> problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). The courts do not entertain motions to reconsider which ask the Court to "rethink what the Court had already thought through - rightly or wrongly." *Id.*

### III. Analysis

This Court's March 26, 2010 Memorandum Opinion and Order was not a final judgment and did not end the action. *See Am. Canoe Ass'n*, 326 F.3d at 514 (stating that "an order of partial summary judgment is interlocutory in nature"). Accordingly, Rule 54(b) governs Shanklin's Motion to Amend rather than Rule 59(e), and this Court retains discretion to alter or amend its order any time prior to entry of the final judgment. *Id.* at 514-15; *see Netscape Commc'ns, Inc.*, 2010 WL 1303473, at *2.

Shanklin's Motion to Amend does not demonstrate that the Court materially misapprehended his position or made a decision outside the adversarial process. *See Goodman v. Everett*, No. 3:06cv849, at 3 (E.D. Va. June 18, 2009) (Williams, J.). Nor does Shanklin bring to the Court's attention a significant change in the law or facts since his previous submission to this Court. *See id.* (*citing Above the Belt, Inc.*, 99 F.R.D. at 101). Instead, Shanklin attempts merely "to put a finer point on his old arguments and dicker about matters decided adversely to him." *Id.* Therefore, Shanklin's Motion to Amend will be DENIED. (Docket No. 80.)

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend will be DENIED. (Docket No. 80.)

An appropriate Order shall issue.

/s/ _____
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 5-3-10

7