IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM SHANKLIN,

    Plaintiff,

v.                                                                                Civil Action No. 3:07cv319

KENNETH RANDALL SEALS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

William Shanklin, a Virginia inmate, submitted this civil rights action. By Memorandum Opinion and Order entered on July 27, 2010, the Court granted Defendants' motion for summary judgment and dismissed the action. *See Shanklin v. Seals*, 3:07cv319, 2010 WL 2942649 (E.D. Va. July 27, 2010). On September 1, 2010, Shanklin filed a motion seeking relief under Federal Rule of Civil Procedure 59(e). By Memorandum Opinion and Order entered on October 4, 2010, the Court denied Shanklin's Rule 59(e) Motion because he failed to submit the motion in a timely fashion. The Court further informed Shanklin that if he wished to pursue a motion for relief under Federal Rule of Civil Procedure 60(b), "he must identify the specific subsection of the rule that governs his motion and brief why he is entitled to relief under that portion of Rule 60(b)." (Oct. 4, 2010 Mem. Opinion 1-2.) The matter is before the Court on Shanklin's Motion for Relief from a Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(3) & (b)(6) ("Rule 60(b) Motion"). Defendants have opposed the motion and Shanklin has filed a reply. The matter is ripe for disposition.

## I. Relief Under Federal Rule of Civil Procedure 60(b)

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding. "As a threshold matter, the movant must demonstrate the existence of a meritorious claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (*citing Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979); *Universal Film Exchs., Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973)). If the movant makes this threshold showing, the movant then must satisfy the requirements of one of the six enumerated grounds for relief under Rule 60(b). Here, Shanklin contends that he is entitled to relief under Rule 60(b)(3) and 60(b)(6).

Rule 60(b)(3) permits a court to grant relief from judgment for "fraud . . . misrepresentation, or misconduct of an opposing party." Fed. R. Civ. P. 60(b)(3). The moving party must (1) have a meritorious defense; (2) prove misconduct by clear and convincing evidence; and, (3) show that the misconduct prevented the moving party from fully presenting his case. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (*citing Square Constr. Co.*, 657 F.2d at 71). The purpose of Rule 60(b)(3) "is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995) (*citing Johnson v. Offshore Exploration, Inc.*, 845 F.2d 1347, 1359 (5th Cir. 1988)); *see, e.g., Schultz*, 24 F.3d at 630-31 (remanding for new trial under 60(b)(3) where plaintiff failed to turn over pertinent document during discovery). "When a party is capable of fully and fairly presenting her case notwithstanding 'fraud, misrepresentation, or other misconduct,' the trial court does not err when it denies a Rule 60(b)(3) motion." *Diaz*, 46 F.3d at 497 (*citing Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978)); *accord Tunnel v. Ford*

*Motor Co.*, 245 F. App'x 283, 287 (4th Cir. 2007). Therefore, if the movant fails to demonstrate how he or she was prevented from fully and fairly presenting his or her case by the other parties' alleged misconduct, it is unnecessary for the Court to resolve whether the movant has made an adequate showing of misconduct.[1] *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 21-22 (1st Cir. 2002).

## II. Shanklin's Allegations of Misconduct

Shanklin identifies three acts of misconduct by Defendants. First, Shanklin contends that Defendants engaged in misconduct by submitting an affidavit previously used to obtain a search warrant, wherein they represented that "Shanklin contacted Turner, who was working in Virginia Beach, and informed her that Davion was missing." *Shanklin*, 2010 WL 2942649 at * 10. Shanklin asserts that he "never told any of the defendants this information . . . ." (Mem. Supp. Rule 60(b) Mot. 3.) Shanklin then directs the Court to documents he asserts represent his cell phone records and which he asserts reflect that he did not call Turner, rather she called him. (*Id.* at 4.)

Second, Shanklin asserts, "The sworn Declaration of Defendant Seals contains nonfactual and false information which was used in the Defences motion for Summary Judgment and this Court Memorandum Opinion Defendant Seals never ever interviewed Plaintiff as stated in no. 5 of his Declaratory Statement." (*Id.* at 6.) Finally, Shanklin asserts, "Defendant Snyder wrote in a Affidavit false not true misrepresenting information if now the Defence claim they are small and

---

[1] Such a course is particularly appropriate here because it appears from Shanklin's submissions that he wishes to use these proceedings as a stalking horse to challenge his criminal convictions, rather than to litigate any injustice in the disposition of 42 U.S.C. § 1983 claims.

3

not material why did the Defence include the lies and non fact in their summary judgment." (*Id.* at 10.)

### III. Analysis

Shanklin fails to coherently explain how Defendants' alleged misconduct impacted the Court's resolution of his claims. Therefore, he has failed to satisfy his threshold obligation to obtain Rule 60(b) relief of demonstrating that he has a meritorious claim. *See Square Constr. Co.*, 657 F.2d at 71; *Laurenco v. Bowen*, No. 88-2170, 1989 WL 5430, at * 1 (4th Cir. Jan. 21, 1989). Furthermore, Shanklin fails to demonstrate that he is entitled to relief under 60(b)(3). Shanklin does not explain, much less demonstrate, how Defendants' alleged misconduct prevented him from fully and fairly presenting this civil rights case. *See Karak*, 288 F.3d at 21-22 ("When a party is capable of fully and fairly preparing and presenting his case notwithstanding the adverse party's arguable misconduct, the trial court is free to deny relief under Rule 60(b)(3)" (*citing Diaz*, 46 F.3d at 497)).

Nor has Shanklin demonstrated that he is entitled to relief under Rule 60(b)(6). Rule 60(b)(6) permits the Court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "'[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (*quoting Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Shanklin has not demonstrated any such extraordinary circumstances. Indeed, with respect to his request for relief under Rule 60(b)(6), Shanklin has failed to comply with the

Court's admonition that for each subsection of Rule 60(b) he invokes, he must "brief why he is entitled to relief under that portion of Rule 60(b)." (Oct. 4, 2010 Mem. Op. 2.) Accordingly, Shanklin's Rule 60(b) Motion (Docket No. 145) will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 6-21-11